THE CHICAGO & NORTHEASTERN RAILWAY COMPANY v. GEORGE W. MILLER.

*Railway companies—Injury to traveler on highway—Contributory negligence—Declaration for injury—Neglect to signal.*

An old man, who was somewhat deaf, while driving a span of colts towards a railway track down a narrow road from which the track was concealed on one side by a high embankment, stopped to listen, but hearing nothing drove on and when close by the track a train appeared within a few rods. Fearing that he could not control his horses where they were, he whipped them up, and tried to cross the track, and the rear of the buggy was struck by the locomotive. *Held,* that in an action for the resulting injury the question whether plaintiff was guilty of contributory negligence was for the jury.

In a declaration for a railway injury, an averment that defendant negligently and carelessly drove a certain locomotive upon the railroad up to, upon and across a certain public highway at the crossing of the same and the said railroad, without giving the necessary statutory signals, viz.: ringing a bell or sounding a whistle, was a sufficiently specific averment of defendant's negligence when taken in connection with the averment of consequential injury, and it entitled plaintiff to support it by evidence, under defendant's plea to the general issue.

The neglect of a railroad company to ring a bell as required by statute when approaching a crossing will make it liable for any injury resulting from such neglect.

Error to Genesee.   Submitted June 29.   Decided Oct. 5.

CASE.   Defendant brings error.   Affirmed.

*Newton & Howard, S. B. Gaskill* and *E. W. Meddaugh* for plaintiff in error.   A declaration for injury from defendant's negligence must aver in what respect it contributed to the injury:   *Marq. Hought. & Ont. R. R. v. Marcott* 41 Mich. 433; *McKeon v. Lane* 1 Hall 319; *Howser v. Melcher* 40 Mich. 185; *Berry v. Stinson* 23 Me. 140; *Flint & Pere Marq. Ry. v. Stark* 38 Mich. 714; it is negligence for one who is approaching a dangerous railway crossing where the track cannot be seen nor the whistle heard, not to stop and listen before crossing:   *Penn. R. R. v. Beale* 73 Penn. St. 505; *Grows v. Maine Cent. R. R.* 67 Me. 100; *Blaker v. Receivers of N. J. M. Ry.* 30 N. J. Eq. 240; *Lake Shore & Mich. Southern Ry. v. Miller* 25 Mich. 274; *Lake Shore, etc. Ry. v. Hart* 87 Ill. 529; *Havens v. Erie R. R.* 41 N. Y. 296; *Culhane v. N. Y. C. & H. R. R. R.* 60 N. Y. 133; *Cleveland etc. R. R. v. Elliott* 28 Ohio St. 340; even though the proper signals were not given by whistle and bell:   *Wilcox v. R. W. & O. R. R.* 39 N. Y. 358; *Allyn v. B. & A. R. R.* 105 Mass. 77; *Baulec v. N. Y. & H. R. R.* 59 N. Y. 356: 21 Alb. L. J. 134; *Goldstein v. C. M. & St. P. Ry.* 46 Wis. 404; *Salter v. U. & B. R. R. R.* 75 N. Y. 273; and the question of contributory negligence is for the court:   *Haas v. Chic. & N. W. R. R.* 41 Wis. 44; *Langhoff v. M. & R. D. C. R. R.* 23 Wis. 43; *Butterfield*

v. *Western R. R.* 10 Allen 532; *Wilds v. H. R. R. R.* 24
N. Y. 430; *Baxter v. T. & B. R. R.* 41 N. Y. 502; *Belle-
fontaine R. R. v. Hunter* 33 Ind. 365; *N. Penn. R. R. v.
Heileman* 49 Penn. St. 60; when the facts are agreed, the
question of negligence is one of law: *K. P. R. R. v.
Butts* 7 Kan. 308; *Burroughs v. Housatonic R. R.* 15
Conn. 124; *Rood v. N. Y. & E. R. R.* 18 Barb. 80; *Sheldon
v. H. R. R. R.* 14 N. Y. 218; *Ryan v. N. Y. C. R. R.*
35 N. Y. 210; *Ill. Central R. R. v. Mills* 42 Ill. 407;
*Lower v. Clement* 1 Casey 63; *Fernandes v. Sacramento
R. R.* 52 Cal. 45; *Smith v. Bank* 99 Mass. 605; *Artz v.
Chicago R. R.* 34 Ia. 153; for analogous cases, see *Kelly
v. Hendrie* 26 Mich. 255; *Plaster v. Ill. R. R.* 35 Ia. 449;
*Lewis v. Baltimore & O. R. R.* 38 Md. 588; *C. & A. R.
R. v. Jacobs* 63 Ill. 178; *St. L. A. & T. H. R. R. v. Manly*
58 Ill. 300; *Maher v. A. & P. R. R.* 64 Mo. 267;
*Donaldson v. M. & St. P. R. R.* 21 Minn. 293; *Brown
v. M. & St. P. R. R.* 22 Minn. 165; *Moran v. Nashville
&c. R. R.* 58 Tenn. 379.

*Long & Gold* and *A. C. Baldwin* for defendant in error.
Where a person approaching a railroad track is put, by the
railroad company's neglect to give signals, in a position
where he has to choose promptly between two dangers, he
cannot be held guilty of contributory negligence if he failed
to choose well and is injured: *Twomley v. Railroad Co.*
69 N. Y. 158; *Voak v. Nor. Cen. R. R.* 75, id. 322; *Buel v.
Railroad Co.* 31 N. Y. 314; *Wasmer v. Del. & West'n R. R.*
80 N. Y. 218; *Filer v. Railroad Co.* 49 N. Y. 47; where
there is negligence on both sides the right to recover may
still depend on the facts: *Rockford R. R. v. Delaney* 82
Ill. 198; *Richmond &c. R. R. v. Andrew* 31 Grat. 812: 31
Amer. Rep. 750; *Radley v. L. & N. W. Ry.* L. R.
1 App. Cas. 754; 15 Eng. Rep. 549; *Trow v. Vt. Central
R. R.* 24 Vt. 487; *Penn. v. Sinclair* 62 Ind. 301: 30 Amer.
Rep. 185.

MARSTON, C. J. Two principal questions have been pre-
sented on the argument in this case. The declaration it is

said is defective in not averring specifically the negligence of the defendant which caused the injury. The declaration is that at a certain time and place the defendant negligently and carelessly drove a certain locomotive upon and along the railroad up to, upon and across a certain public highway, at the crossing of the same and the said railroad, without giving the necessary statutory signals, viz., ringing a bell or sounding a whistle. Here the specific act of negligence is pointed out, and evidence was introduced tending to sustain the averment. This averment with allegation of consequental injury, in our opinion, was sufficient, and entitled the plaintiff to introduce evidence, under the plea of the defendant, in support thereof. It was the duty of the company to at least ring a bell on approaching the highway where the injury was done, and a failure so to do would render it liable, in case any person was injured in consequence of such neglect.

It is next claimed that the facts as proven would not entitle the plaintiff to recover, because, under his own showing, he was guilty of contributory negligence.

It is conceded that the record shows but few disputed facts. If the testimony of the plaintiff, taken as a whole, fairly tended to make out a case in all its parts, then the court was right in submitting the same to the jury under proper instructions, even although the evidence on the part of the defendant may have been strong against a right to recover.

The plaintiff was a farmer, aged sixty-seven, and on the morning of July 11th started from his home, accompanied by his daughter, for Flint. He drove a spirited team of well-broken three-year-old colts, that had never been near or seen the cars. The highway as it approached the track had been cut down, leaving quite high embankments which prevented a view of the railroad track in the direction from which the locomotive approached. The plaintiff when about sixteen rods from the track stopped his team, listened and watched, and as he approached the track, the highway was narrow on account of the grade, a wagon loaded with

gravel crossed the track, and the driver thereon spoke to the plaintiff, but owing in part to the latter being a little deaf, he did not hear what was said, but inferred from the motions made that a train was coming.   The plaintiff could not then see the train ; he spoke to his horses, and as they reached the track, or when within two rods of it, he saw the locomotive approaching about twelve rods distant.   He said, " At the first glance I made up my mind I would get across that track and I swung my whip, and they (the horses) both jumped ;" and while crossing the locomotive struck the hind wheels of his wagon causing the injury.   The banks on the north side of the road were some twelve or fifteen feet high, and the following testimony will perhaps show as clearly as any other, the plaintiff's view of the situation at the time and why he took the course which he did.

*Question.* You may state to the jury why it was when you first saw the train you didn't hold your horses and let the train pass.   *Answer.* It was under the impulse of the moment the whole thing was done; had I undertaken to have held them one chance out of a hundred they might have stood ; they were a pair of three-year-old colts at the top of their mettle.   *Q.* State why you didn't stop your horses ?   *A.* I was partly sure I would get under the cars if I undertook it ; if the horses would whirl they could not whirl this way, (illustrating) against the bank, and if. they whirled that way (illustrating) they would throw me on the track ; if I was in the same position to-day I would do the same thing.   * * *   *Q.* Did you hear any bell rung or whistle sounded before you were struck ?   *A.* No, sir.   *Q.* State what effort you made to hear it ?   *A.* I did the very best I knew how.   *Q.* Where you listening for it ?   *A.* Yes, sir.   *Q.* State what care you exercised in looking for the train before you reached the crossing ?   *A.* I took every care I could.   *Q.* What did you do ?   *A.* I drove carefully, watching and leaning forward and looking ; when I got pretty near there I saw the cars and then I made an effort to get across.

On cross-examination he said that if his team had been steady and not afraid, so that he could have controlled them in such a place, he would have stopped and not attempted to cross on first discovering the cars. *Question.* The only object you had in crossing was because you thought you could not control the horses when the engine passed? *Answer.* It was because I was afraid the horses would throw me on the track. *Q.* The only reason why you undertook to cross before the engine did, was because you were fearful you could not control the colts and hold them while the engine went up the track? *A.* Yes, sir. *Q.* That is one reason? *A.* Yes, sir. *Q.* Before you raised the whip to increase the motion of your horses you saw the engine approaching? *A.* Yes, sir. *Q.* You thought by applying the whip to the colts that you could get across the track before the engine got to you? *A.* Certainly. *Q.* That is what you calculated on? *A.* Yes sir.

There was another road the plaintiff could have taken, and avoided this particular crossing, by going about a mile further; but this was the road usually taken by him, and was a public highway used as such.

The fact that the plaintiff was driving a span of colts, or that he took this road instead of another and perhaps safer one, would not be such contributory negligence on his part as to prevent a recovery. His right to drive young horses and to travel on any public thoroughfare cannot thus be abridged. We do not say that there may not be cases, where the character of the team, and the road taken, in preference to another equally convenient or nearly so, and safer, might not be taken into consideration by a jury with the other facts in the case, as tending to show a want of ordinary care. It must however be a very strong state of facts indeed, that would justify a court in taking the case from the jury. The matter should not be in doubt, and we are not prepared to say that men of ordinary care, prudence and intelligence would have considered it dangerous to have taken the road in question with a team like the one driven by the plaintiff. From his testimony it does not appear

that he did not exercise due care and caution in approaching the crossing, and it is only when he gets within a few feet of the railroad track and sees a train approaching and close at hand, that he can be charged with negligence in attempting to cross the track. This was the first warning or knowledge that he had that a train of cars was near, and with a high embankment on one side, and the apparent danger in attempting to turn in an opposite direction; without time for reflection or to deliberate and calculate or measure distances he had to determine his course and instaneously make the attempt. That he was in a dangerous position, whether he stood still, attempted to turn or to cross the track cannot be doubted; and of this he seems to have been well aware. The preservation of his life and property, we may well assume, would lead him to take what he then considered the safest course, in view of the facts and surrounding circumstances then apparent to him. A stricter rule should not be held here than in criminal cases, where the right of one in apparent danger to act upon circumstances as they appear to him at the time is well settled, and although subsequent investigation may show that he erred, yet that alone will not make him criminally responsible. If the neglect of the company to sound a whistle when approaching the highway, permitted the plaintiff to drive into a dangerous position, under circumstances which allowed him no time for calm reflection,· and he, acting upon the spur of the moment, in his efforts to avoid the danger, made a mistake, and took what subsequent cool deliberate investigation may show to have been wrong, and that some other course would have been better if not absolutely safe, yet he cannot be charged with contributory negligence because of such error of judgment under such dangerous circumstances. This is the rule in both civil and criminal cases, sustained by an abundance of authority if any indeed were needed. This case was, therefore, very properly submitted to the jury upon the facts.

We do not understand any serious objection made to the charge of the court, touching the right of the plaintiff to

recover, in case the jury found him to have been guilty of negligence, and a careful examination of the instructions given shows that no complaint could well be made thereto. The court repeatedly told the jury that the plaintiff could not recover if he was negligent—so full and explicit were the instructions upon this subject that we need not quote· at length therefrom.

In our opinion no error was committed and the judgment: must be affirmed with costs.

The other Justices concurred.